UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re:  THE COMPLAINT OF DEAN A. PARKS,
as Owner of the Motor Vessel Register as FL 0149
MA, Its Engines, Tackle, Appurtenances,
Equipment, Etc., in a cause of exoneration from or
limitation of liability, DEAN A. PARKS,
Plaintiff.

Case No.  2:10-cv-600-FtM-36SPC

_____

**ORDER**

This matter comes before the Court on Plaintiff's Motion and Incorporated Memorandum of Law to Strike Paragraph 10 and Exhibit "A" of Douglas M. Page's Claim, Answer to Plaintiff's Complaint for Exoneration from or Limitation of Liability (Doc. #21) filed on November 2, 2010. Claimant, Douglas M. Page, filed his response in opposition (Doc. #24) on November 10, 2010.  The Motion is now ripe for review.

Petitioner Dean A. Parks filed a Complaint for Exoneration from or Limitation of Liability in connection with a boating accident that took place on June 15, 2009, which allegedly caused injuries to Claimant Douglas M. Page.  In the "Claim" section of Page's Claim and Answer to Complaint and Affirmative Defenses (Doc. #12), Page states that "[t]he Boating Accident Investigation Report, conducted by the Division of Law Enforcement of the Florida Fish and Wildlife Conservation Commission, cited a cause of the accident as the 'careless/reckless' operation of the vessel owned and operated by PARKS.  A copy of the Investigation is attached as Exhibit A."

(Doc. #12, ¶10). In his Motion to Strike, Petitioner argues that any reference to the Investigation Report and the Investigation Report itself should be stricken pursuant to Fed. R. Civ. P. 12(f) because the information is "immaterial, impertinent, or scandalous matters" and "may cause prejudice." Specifically, Parks argues that the Investigative Report is inadmissible pursuant to Florida Stat. § 327.301(4) and is inadmissible hearsay that does not fall within any of the hearsay exceptions.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997)). Motions to strike are generally disfavored. 126th Ave. Landfill, Inc. v. Pinellas County, Fla., 2010 WL 3245309, *1 (M.D. Fla. Aug. 17, 2010); McCreary v. Brevard County, Fla., 2010 WL 2509617, *1 (M.D. Fla. June 18, 2010). "A motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" McCreary, at *1. Some courts have found that if disputed questions of law or fact remain as to the challenged material or defense, the motion to strike must be denied. See, e.g., Robinson v. Managed Accounts Receivables Corp., 654 f. Supp. 2d 1051 (C.D. Cal. 2009); Bristol-Myers Squibb Co. v. IVAX Corp., 77 F. Supp. 2d 606, 619 (D. N.J. 2000) (motion to strike should not be used as vehicle to determine disputed questions of law or fact).

In this case, the Court finds that paragraph 10 of Page's Claim (Doc. #12) and the Investigation Report (Doc. #12-1) are not due to be stricken. Claimant Page has put into issue relevant legal and factual questions that have been raised by the Investigation Report. This Court makes no determination, however, as to whether the Investigation Report as a whole or any portion of its contents are admissible in this matter.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion and Incorporated Memorandum of Law to Strike Paragraph 10 and Exhibit "A" of Douglas M. Page's Claim, Answer to Plaintiff's Complaint for Exoneration from or Limitation of Liability (Doc. #21) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record